**IN THE UNITED STATES DISTRICT**

**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**V.** **Cr. No. 04-85T**

**BRIAN WILLIAMS**

## MOTION TO DETERMINE COMPETENCY

Now comes the defendant, through counsel, and moves the Honorable Court, pursuant to 18 U.S.C. § 4241(a), for a hearing to determine the mental competency of the Defendant; and order that a psychiatric examination of the defendant be conducted pursuant to 18 U.S.C. § 4241(b).

BRIAN WILLIAMS,
By his attorney,

Mary June Ciresi
91 Friendship Street 4th Floor
Providence, RI 02903
401.455.9600
401.453.5903 (fax)
RI Bar No. 3739

CERTIFICATION

I hereby certify that the within Motion to Determine Competency was hand delivered to Attorney Stephen G. Dambruch, AUSA, Fleet Center, 8th Floor, Providence, RI 02903 on this 18th day of December 2006.

**IN THE UNITED STATES DISTRICT**

**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**V.** **Cr. No. 04-85T**

**BRIAN WILLIAMS**

**MEMORANDUM IN SUPPORT OF MOTION TO DETERMINE COMPETENCY**

On September 22, 2004, a grand jury returned an Indictment against the Defendant, Brian Williams, charging him in Counts 1 – 4, with knowingly making a false and fictitious written statement which was likely to deceive D&G Guns in the acquisition of a firearm. Counts 5 – 8 of the Indictment charge the Defendant with knowingly making a false statement and representation with respect to information required to be kept in the records of D&B Guns.

Counsel was initially appointed to represent the Defendant when he was under investigation in 2002. Counsel had several contacts with the Defendant in 2002 and was in the process of obtaining his medical records when contact ceased. Based upon defense counsel's communications with the Defendant, the defense is moving the court for a psychiatric evaluation of the defendant to determine competency.

The Defendant's capacity to communicate with counsel is marginal. On information and belief, he is a recipient of social security benefits due to a medical condition which compromises his ability engage in complex tasks or communications

A person is considered competent to stand trial if he has a sufficient present ability to consult with counsel with a reasonable degree of rational understanding and a

rational as well as factual understanding of the proceedings against him. Dusky v. U.S. 362 U.S. 402 (1960) (per curiam). The competency standard for pleading guilty or waiving the right to counsel is the same as the competency standard for standing trial. Godinez v. Moran, 509 U.S. 389 (1983).

Counsel's interaction with the Defendant has raised concerns as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Respectfully submitted,
Brian Williams,

By his attorney,

Mary June Ciresi
91 Friendship Street 4th Floor
Providence, RI 02903
401.455.9066
401.453.5903(fax)

CERTIFICATION

I hereby certify that the within Motion to Determine Competency was hand delivered to Attorney Stephen G. Dambruch, AUSA, Fleet Center, 8th Floor, Providence, RI 02903 on this 18th day of December 2006.

Mary June Ciresi